**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

───────────

**No. 13-4898**

───────────

UNITED STATES OF AMERICA,

        Plaintiff - Appellee,

    v.

WILLIS SARVIS,

        Defendant - Appellant.

───────────

Appeal from the United States District Court for the Eastern District of North Carolina, at Wilmington. James C. Dever III, Chief District Judge. (7:11-cr-00083-D-1)

───────────

Submitted: December 1, 2014      Decided: February 4, 2015

───────────

Before KING, DIAZ, and HARRIS, Circuit Judges.

───────────

Affirmed by unpublished per curiam opinion.

───────────

Mitchell G. Styers, BANZET, THOMPSON & STYERS, PLLC, Warrenton, North Carolina, for Appellant. Thomas G. Walker, United States Attorney, Jennifer P. May-Parker, Kristine L. Fritz, Assistant United States Attorneys, Raleigh, North Carolina, for Appellee.

───────────

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Willis James Sarvis appeals the district court's judgment imposing a sentence of life plus 360 months following a guilty plea to possession of a firearm by a felon, 18 U.S.C. §§ 922(g)(1) and 924 (2012) (Count Two); and a jury trial for distribution of phencyclidine, 21 U.S.C. § 841(a)(1), (b)(1)(C) (2012) (Count One); and possession of a firearm in furtherance of a drug trafficking crime, 18 U.S.C. § 924(c) (2012) (Count Three). Sarvis raises several challenges to his convictions and sentences. We affirm.

I.

First, Sarvis argues that the district court erroneously denied his motion to suppress. We review factual findings underlying a district court's denial of a motion to suppress for clear error and its legal conclusions de novo. United States v. Foster, 634 F.3d 243, 246 (4th Cir. 2011). Because the district court denied the motion to suppress, we construe the evidence in the light most favorable to the Government, the party prevailing below. United States v. Black, 707 F.3d 531, 534 (4th Cir. 2013).

Sarvis does not dispute that the facts as testified to at the suppression hearing could establish probable cause for his arrest, but argues that this testimony was inherently incredible. However, we "defer to the district court's

2

credibility findings." <u>United States v. Griffin</u>, 589 F.3d 148, 150 n.1 (4th Cir. 2009) (internal quotation marks omitted). Accordingly, we discern no error in the district court's denial of Sarvis' motion to suppress.

Next, Sarvis argues that the Government violated his due process rights through its discovery disclosures and lack thereof; he further contends that the district court should have sanctioned the Government. Because he failed to preserve this claim by objecting in the district court, our review is for plain error. <u>United States v. Olano</u>, 507 U.S. 725, 731-32 (1993); <u>see</u> <u>United States v. Henderson</u>, 133 S. Ct. 1121, 1126 (2013). We discern no plain error in the district court's actions here. The court credited the testimony of the detective, thereby concluding that no police misconduct occurred. Moreover, Sarvis has failed to sufficiently allege what, if any, documents were not timely disclosed by the Government and what prejudice resulted therefrom.

Sarvis next challenges the sufficiency of the indictment as to Count Three, arguing that it erroneously charged the two separate crimes contained in the statute as a single crime. As Sarvis acknowledges, this claim is also reviewed for plain error. <u>See</u> <u>Olano</u>, 507 U.S. at 731-32. We "will construe the indictment liberally and indulge every intendment in support of its sufficiency." <u>United States v.</u>

3

King, 628 F.3d 693, 699 (4th Cir. 2011) (internal alterations and quotation marks omitted).

We discern no error, much less plain error, in the indictment. Sarvis argues that the use of the conjunctive, rather than disjunctive, in the indictment is insufficient. However, "where a statute is worded in the disjunctive, federal pleading requires the Government to charge in the conjunctive." United States v. Montgomery, 262 F.3d 233, 242 (4th Cir. 2001).

Sarvis similarly contends that the district court constructively amended the indictment when it instructed the jury on the elements of Count Three, using the disjunctive even though the indictment is worded conjunctively. We have previously held, however, that "[w]hen the Government charges in the conjunctive, and the statute is worded in the disjunctive, the district court can instruct the jury in the disjunctive." United States v. Robinson, 627 F.3d 941, 958 (4th Cir. 2010) (internal quotation marks omitted). Accordingly, we find no error in the court's instruction.

## II.

Sarvis next raises several challenges to his sentence. We review sentences for reasonableness "under a deferential abuse-of-discretion standard." Gall v. United States, 552 U.S. 38, 41 (2007). We first ensure that the district court committed no "'significant procedural error,'" including

4

improper calculation of the Guidelines range, insufficient consideration of the § 3553(a) factors, and inadequate explanation of the sentence imposed. United States v. Lynn, 592 F.3d 572, 575 (4th Cir. 2010) (quoting Gall, 552 U.S. at 51).

Sarvis argues that the district court's application of the second-degree murder cross reference was improper, asserting four separate arguments. First, he argues that the death was not relevant conduct. Relevant conduct for Guidelines purposes includes, as relevant here, "all acts and omissions committed, aided, abetted, counseled, commanded, induced, procured, or willfully caused by the defendant . . . that occurred during the commission of the offense of conviction." U.S. Sentencing Guidelines Manual § 1B1.3(a)(1); see United States v. Ashford, 718 F.3d 377, 383 (4th Cir. 2013) (holding that murder cross-reference applied where the act satisfied § 1B1.3(a)(1)). In Ashford, we rejected the very argument Sarvis presses: that murder is not a groupable offense under § 1B1.3(a)(2) and therefore the cross-reference cannot apply. See 718 F.3d at 382-83. Therefore, we conclude that the death here was properly included as relevant conduct.

Sarvis next challenges the sufficiency of the evidence supporting the cross-reference, arguing that he acted in self-defense. We review the district court's factual findings for clear error and its legal conclusions de novo. United

5

States v. Medina-Campo, 714 F.3d 232, 234 (4th Cir. 2013). We conclude, however, that application of the second-degree murder cross-reference was proper because Sarvis could not colorably assert self-defense under either federal or North Carolina law.

Next, Sarvis asserts that the district court improperly double counted the murder by applying the cross-reference and relying on the murder to determine his life sentence for Count Three. "Double counting occurs when a provision of the Guidelines is applied to increase punishment on the basis of a consideration that has been accounted for by application of another Guideline provision or by application of a statute." United States v. Reevey, 364 F.3d 151, 158 (4th Cir. 2004). There was no impermissible double counting here.

Sarvis argues that the district court was required, as a matter of due process, to establish the facts supporting the cross-reference under a heightened standard of proof. (Appellant's Br. 42-43). However, we have previously held that "the due process clause does not require the district court to find uncharged conduct by a heightened standard of proof before using it as a basis for determining a defendant's sentence." United States v. Grubbs, 585 F.3d 793, 802 (4th Cir. 2009). We therefore conclude that the cross-reference to second-degree murder was properly applied.

Sarvis next asserts that the district court erred by treating § 5G1.2(d) of the Guidelines as mandatory. We conclude that the district court clearly understood that the provisions of the Guidelines were advisory and exercised its discretion in imposing consecutive sentences.

Sarvis argues that the district court failed to adequately explain its chosen sentence. In evaluating the sentencing court's explanation of a selected sentence, we have consistently held that, while the district court must consider the statutory factors and explain the sentence, it need not "robotically tick through" every § 3353(a) factor on the record, particularly when the court imposes a sentence within the properly calculated Guidelines range. United States v. Johnson, 445 F.3d 339, 345 (4th Cir. 2006). At the same time, the district court "must make an individualized assessment based on the facts presented." Gall, 552 U.S. at 50. While the "individualized assessment need not be elaborate or lengthy, . . . it must provide a rationale tailored to the particular case at hand and adequate to permit meaningful appellate review." United States v. Carter, 564 F.3d 325, 330 (4th Cir. 2009) (internal quotation marks omitted).

The district court here thoroughly explained its sentencing decision. The court noted that Sarvis' crimes were extraordinarily serious, and endangered the lives of the people

living in the community where the offenses occurred. The district court also relied upon Sarvis' extensive criminal history and lack of work history and noted that Sarvis had squandered the leniency shown to him in the past.

Finally, Sarvis argues that his sentence is substantively unreasonable. If we find a sentence procedurally reasonable, we also must examine its substantive reasonableness, considering "the totality of the circumstances, including the extent of any variance from the Guidelines range." Gall, 552 U.S. at 51. The sentence imposed must be "sufficient, but not greater than necessary," to satisfy the purposes of sentencing. 18 U.S.C. § 3553(a) (2012). A within-Guidelines sentence is presumed reasonable on appeal, and the defendant bears the burden to "rebut the presumption by demonstrating that the sentence is unreasonable when measured against the § 3553(a) factors." United States v. Montes-Pineda, 445 F.3d 375, 379 (4th Cir. 2006) (internal quotation marks omitted). When a district court imposes a sentence that falls outside of the applicable Guidelines range, however, we consider "whether the sentencing court acted reasonably both with respect to its decision to impose such a sentence and with respect to the extent of the divergence from the sentencing range." United States v. Hernandez-Villanueva, 473 F.3d 118, 123 (4th Cir. 2007).

We conclude that the district court's sentence was reasonable. Although the court focused on the offense conduct, the court noted it had considered all of the § 3553(a) factors. The offense conduct here was egregious; Sarvis fired at least fifteen rounds from a high-powered assault rifle in a public housing complex after a drug deal went bad, killing one person and resulting in bullets entering nearby homes and vehicles. As the district court noted, Sarvis had committed several prior drug trafficking and violent crimes. Thus, we conclude the sentence was substantively reasonable.

III.

Accordingly, we affirm the district court's judgment. We dispense with oral argument because the facts and legal contentions are adequately presented in the material before this court and argument will not aid the decisional process.

AFFIRMED